**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS TOLAND, | : |
|                Plaintiff, | :    CIVIL ACTION |
| | : |
|      v. | : |
| | :    No. 12-cv-2480 |
| SEPTA, United Transportation Union, and | : |
| United Transportation Union Local 1594, | : |
|               Defendants. | : |
| | : |

## ORDER

AND NOW, this _____ day of _____ 2013, upon consideration of

the Motion for Summary Judgment of Defendant Southeastern Pennsylvania Transportation

Authority, and any response thereto, it is hereby ORDERED that Defendant's Motion is

GRANTED and judgment is entered in favor of Defendant Southeastern Pennsylvania

Transportation Authority and against Plaintiff Thomas Toland on all claims.

BY THE COURT:

_____
Honorable Thomas N. O'Neill, Jr., J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| THOMAS TOLAND, | : |
| Plaintiff, | : |
|  | :     CIVIL ACTION |
|  | : |
| v. | : |
|  | :     No. 12-cv-2480 |
| SEPTA, United Transportation Union, and | : |
| United Transportation Union Local 1594, | : |
| Defendants. | : |
|  | : |

## DEFENDANT SEPTA'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure Rule 56, Defendant Southeastern

Pennsylvania Transportation Authority, by and through its undersigned counsel, hereby moves

for summary judgment in its favor and against Plaintiff, Thomas Toland.

In support of this Motion, Defendant SEPTA incorporates by reference the attached

Statement of Undisputed Facts, Memorandum of Law, exhibits, and proposed form of Order.

Respectfully submitted,

/s/ Danielle Banks
Danielle Banks
A. Nicole Stover
STRADLEY RONON STEVENS & YOUNG LLP
2600 One Commerce Square
(215) 564-8000

Counsel for Defendant, Southeastern Pennsylvania
Transportation Authority

March 28, 2013

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND ....................................................................................2

III.   STANDARD OF REVIEW ......................................................................................3

IV.    ARGUMENT ...........................................................................................................4

      A.     SEPTA Is Entitled To Summary Judgment In Its Favor On Plaintiff's
            Claims Under the ADEA and PHRA (Counts I and II)..........................................5

            1.     Plaintiff Cannot Establish a *Prima Facie* Case of Age
                  Discrimination ..........................................................................................5

            2.     Plaintiff Cannot Establish That Age Discrimination Was The "But
                  For" Cause Of His Discharge ...................................................................7

            3.     Plaintiff Cannot Establish That His Discharge Arising from Three,
                  Separate Violations of SEPTA Rules Was Mere Pretext for Age
                  Discrimination ..........................................................................................9

      B.     SEPTA Is Entitled To Summary Judgment In Its Favor On Plaintiff's Fair
            Representation Claims Against the Union (Count III) .........................................14

V.     CONCLUSION ......................................................................................................16

## TABLE OF AUTHORITIES

### CASES

Abels v. DISH Network Service, LLC,
  No. 12-1291, 2012 WL 6183558 (3d Cir. Dec. 12, 2012)................................................7, 11-12

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ...............................................................................................................4

Barnes v. Oddicental Petroleum Corp.,
  761 F. Supp. 2d 1285 (N.D. Okla. 2010) ..............................................................................13

Brewer v. Quaker State Oil Refining Corp.,
  72 F.3d 326 (3d Cir. 1995) ....................................................................................................11

Carey v. Federal Exp. Corp.,
  No. 11-3898, 2013 WL 1136824 (3d Cir. Mar. 20, 2013) ....................................................6

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ............................................................................................................3, 12

Diaz v. Aberts,
  No. 10-5939, 2013 WL 420349 (E.D. Pa. Feb. 4, 2013) (O'Neill, J.) ..................................11

Durante v. Tredyfrrin Township,
  No. 10-1473, 2011 WL 1162285 (E.D. Pa. Mar. 28, 2011) (Sanchez, J.).........................12-13

Fakete v. Aetna, Inc.,
  308 F.3d 335 (3d Cir. 2002) ...................................................................................................7

Ferrell v. Harvard Industries, Inc.,
  No. 00-2707, 2001 WL 1301461 (E.D. Pa. Oct. 23, 2001) ...................................................7

Fuentes v. Perksie,
  32 F.3d 759 (3d Cir. 1994) ...............................................................................................9-11

Higgins v. Hosp. Cent. Serv., Inc.,
  No. 04–74, 2004 WL 2850079 (E.D. Pa. Dec. 9, 2004).......................................................6

Hopkins v. New Day Financial,
  643 F. Supp. 2d 704 (E.D. Pa. 2009).....................................................................................15

Huggins v. Teamsters Local 312,
  585 F. Supp. 148 (E.D. Pa. 1984)..........................................................................................4

Ibbetson v. Teamsters Local 384,
  No. 06-3661, 2007 WL 308581 (E.D. Pa. Oct. 22, 2007) (Brody, J.)..............................14-15

Jacoby v. Bethlehem Suburban Motor Sales,
    820 F. Supp. 2d 609 (E.D. Pa. 2011)........................................................................6

James v. Allentown Business School,
    No. 01-857, 2003 WL 21652189 (E.D. Pa. June 2, 2003) ....................................4, 7

Kaniff v. Allstate Ins.,
    121 F.3d 258 (7th Cir. 1997) .................................................................................13

Keller v. Orix Credit Alliance, Inc.,
    130 F.3d 1101 (3d Cir. 1997) .............................................................................9, 12

Morris v. Orman,
    No. 87-5149, 1989 WL 17549 (E.D. Pa. Mar. 1, 1989) ..........................................4

National Auto Brokers Corp. v. Aleeda Development Corp.,
    364 A.2d 470 (Pa. Super. Ct. 1976) ...................................................................15-16

Peoples Mortg. Co., Inc. v. Federal Nat. Mortg. Ass'n,
    856 F. Supp. 910 ((E.D. Pa. 1994) .......................................................................15

Reed v. SmithKline Beckman Corp.,
    569 F. Supp. 672 (E.D. Pa. 1983).........................................................................15

Robin Construction Co. v. United States,
    345 F.2d 610 (3d Cir. 1965) ...................................................................................4

Smith v. City of Allentown,
    589 F.3d 684 (3d Cir. 2009) ...........................................................................5, 7, 9

Solomon v. Society of Automotive Engineers,
    41 F. App'x 585 (3d Cir. 2002)..............................................................................12

Terlescki v. E.I. Dupont de Nemours & Co.,
    No. 90-6854, 1992 WL 211531 (E.D. Pa. Aug. 24, 1992)....................................15

Wahsner v. American Motors Sales Corp.,
    597 F. Supp. 991 (E.D. Pa. 1984).........................................................................15

Westmoreland v. AB Beverage Co., Inc.,
    No. 1:05-3475, 2007 WL 2749450 (D.S.C. 2007) ................................................13

Winter v. Cycam,
    166 F. App'x 593 (3d Cir. 2006)............................................................................6

Ziegler v. Beverly Enterprises-Minnesota, Inc.,
    133 F.3d 671 (8th Cir. 1998).................................................................................13

**R**ULES

Fed. R. Civ. P. 56(c) ...........................................................................................................3, 16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THOMAS TOLAND,                     :
                    Plaintiff,      :        CIVIL ACTION
                                    :
            v.                      :
                                    :        No. 12-cv-2480
SEPTA, United Transportation Union, and  :
United Transportation Union Local 1594,  :
                    Defendants.     :
                                    :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**SEPTA'S MOTION FOR SUMMARY JUDGMENT**

Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"), by and

through its undersigned counsel, hereby submits this memorandum of law in support of its

Motion for Summary Judgment. As set forth more fully herein, SEPTA is entitled to summary

judgment in its favor and against Plaintiff on Plaintiff's claims of age discrimination against

SEPTA (Counts I and II), as there are no disputed material issues of fact standing in the way of

that proper judgment. Judgment should also be entered in SEPTA's favor on Plaintiff's claim

alleging breach of the duty of fair representation by Defendants United Transportation Union and

United Transportation Union Local 1594 (the "Union") (Count III). SEPTA is entitled to, and

respectfully requests, summary judgment in its favor with respect to all claims asserted by

Plaintiff in his Complaint.

**I.      INTRODUCTION**

This age discrimination lawsuit is brought by a SEPTA bus operator who was discharged

after his bus struck a student at a crosswalk on March 24, 2010. After reviewing a videotape of

the incident and Plaintiff's accident report, Plaintiff's supervisor (age 50 at the time) discharged

Plaintiff for three separate, independent violations of SEPTA Rules, just as he had done when

every other employee – the majority of whom were substantially younger than Plaintiff – had violated the same rules as Plaintiff.

Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA") and age-related provisions of the Pennsylvania Human Relations Act ("PHRA") fail for three separate reasons.  First, Plaintiff cannot establish that he was replaced by someone who was sufficiently younger, as would be required to support an inference of age discrimination, and therefore cannot establish a *prima facie* case of age discrimination.  Second, Plaintiff has offered no evidence that age was even a motivating factor in his discharge, let alone the "but for" cause of his termination as required to avoid summary judgment.  Third, Plaintiff has proffered no evidence that could establish that SEPTA's legitimate, non-discriminatory reasons for his termination were mere pretext.  Moreover, Plaintiff's claim against his Union for breach of its duty of fair representation should be dismissed as to SEPTA because Plaintiff's claim against SEPTA under that Count fails as a matter of law.

## II.    FACTUAL BACKGROUND

As set forth in greater detail in SEPTA's Statement of Undisputed Facts and exhibits thereto (hereinafter "Undisputed Facts"), which are incorporated herein by reference, James Schirg, Plaintiff's 50-year-old supervisor, decided to discharge Plaintiff from his employment with SEPTA after Plaintiff's bus made contact with a student passenger.[1]  See Undisputed Facts ¶¶ 20, 22, 40-41.  The discharge decision was based on Plaintiff's own accident report, Schirg's interview of Plaintiff, and a video recording of the incident, which all demonstrated Plaintiff's violation of three separate, independent SEPTA rules: (1) after the accident, Plaintiff moved the bus before contacting the Control Center and failed to immediately report the accident to the

---

[1]    Although the student was unharmed, he lodged a formal customer service complaint against Plaintiff.  See Undisputed Facts ¶ 57.

Control Center in violation of Authority Standard Rule ("ASR") 12; (2) Plaintiff misrepresented the facts of the accident in violation of ASRs 12 and 13; and (3) Plaintiff drove recklessly in violation of Bus Division Rule ("BDR") 203.  Id. ¶¶ 15-39.  The student's customer service complaint confirmed the bases for the discharge decision, as he reported that he "got off the bus . . . and started to walk across the street in front of the bus which was at a complete stop . . . the bus bumped him as he was crossing the street . . . and he said to the operator well shouldn't you make sure it is clear before you pull away and the operator then replied no I have the right of way so next time don't walk in front of my bus."  Id. ¶ 57.

Plaintiff has produced no evidence that Schirg – the sole decision-maker with regard to Plaintiff's discharge – singled him out for discharge due to his age.  In fact, during the two years prior and the year of Plaintiff's discharge, Schirg discharged nine other employees for similar rule violations, eight of whom were younger than Plaintiff and six of whom were age 43 or younger.  See Undisputed Facts ¶ 42.  Without exception, Schirg has discharged every other employee who has violated the same rules as Plaintiff.  Id. ¶¶ 43-47.  Plaintiff further has no evidence that a sufficiently younger employee replaced him, and thus his claim fails at the outset due to his inability to establish even a *prima facie* case of age discrimination. Id. ¶ 58.

## III.    STANDARD OF REVIEW

Summary judgment should be granted "if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  While all evidence must be viewed in the light most favorable to the non-moving party, summary judgment is appropriate whenever the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The non-moving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "The mere existence of a 'scintilla' of evidence in support of a plaintiff's position will be insufficient;" instead, the non-moving party must introduce some "significant probative evidence tending to support the complaint." Id. at 252, 256. "[M]ere inferences, conjecture, speculation or suspicion are insufficient to establish a material fact upon which to base a denial of summary judgment." Huggins v. Teamsters Local 312, 585 F. Supp. 148, 150-51 (E.D. Pa. 1984) (citing Robin Construction Co. v. United States, 345 F.2d 610 (3d Cir. 1965)).

Moreover, where the Plaintiff has "been given more than a fair chance to dig up some concrete specifics" to support his case, "Plaintiff's bald allegations, assertions and denials, unsupported by specific facts of record, are simply not enough." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *11-12 (E.D. Pa. Mar. 1, 1989). Accordingly, summary judgment is properly entered where the nonmoving party, despite ample opportunity to take depositions and other discovery, is "unable to point to a single fact of record to support his client's allegations." Id. at *12. The "Plaintiff's . . . own conclusory allegations . . . [are] insufficient to establish a genuine issue of material fact." James v. Allentown Business School, No. 01-857, 2003 WL 21652189, at *12 (E.D. Pa. June 2, 2003).

## IV.   ARGUMENT

Plaintiff purports to allege a claim for age discrimination against SEPTA, as well as a claim against his Union for breach of the Union's duty of fair representation to Plaintiff as a Union member. There are no disputed issues of material fact to support any of Plaintiff's purported claims against SEPTA, and SEPTA is entitled to summary judgment in its favor and against Plaintiff on all of Plaintiff's claims.

**A.      SEPTA Is Entitled To Summary Judgment In Its Favor On Plaintiff's Claims Under the ADEA and PHRA (Counts I and II)**

As set forth in greater detail below, Plaintiff's claims under the ADEA and age provisions of the PHRA fail because (1) Plaintiff cannot establish a *prima facie* case of age discrimination because he was not replaced by a younger worker; (2) Plaintiff has not offered even a scintilla of evidence of age discrimination; and (3) Plaintiff has no evidence to establish that any of SEPTA's three separate legitimate, non-discriminatory reasons for his termination were mere pretext.

**1.      Plaintiff Cannot Establish a *Prima Facie* Case of Age Discrimination**

Plaintiff alleges that SEPTA discriminated against him because of his age when his 50-year old supervisor, James Schirg, discharged him from employment.  (Compl. ¶¶ 48-60, 66.) To establish a *prima facie* case of age discrimination, Plaintiff must prove that he was replaced by someone who was sufficiently younger in order to support an inference of discriminatory animus.  Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009).[2]  Plaintiff cannot meet this burden.

Indeed, Plaintiff has not identified a sufficiently younger employee who replaced him. To the contrary, the evidence is undisputed that SEPTA bus operators in the Victory Division in which Plaintiff worked are assigned to routes via a "picking" system established between the Union and SEPTA, by which operators select their route for each schedule change.  The operator who replaced Plaintiff on the picking list, and therefore who had the opportunity to select the route that Plaintiff may have chosen, was ***six months older*** than Plaintiff.  Therefore, Plaintiff was not replaced by a younger employee.  See Undisputed Facts ¶ 58.  This fact alone warrants

---

[2]     For purposes of this Motion only, SEPTA does not dispute the other elements of Plaintiff's *prima facie* case. Smith, 589 F.3d at 689 (*prima facie* case also requires proof that 1) the plaintiff was forty years of age or older; 2) that the plaintiff suffered an adverse employment action; and 3) that the plaintiff was qualified for the job.).

summary judgment for SEPTA on Plaintiff's age discrimination claims (Counts I and II).  See Carey v. Federal Exp. Corp., No. 11-3898, 2013 WL 1136824, at *2 -3 (3d Cir. Mar. 20, 2013) (affirming grant of summary judgment for employer where ADEA plaintiff failed to identify sufficiently younger replacement); Jacoby v. Bethlehem Suburban Motor Sales, 820 F. Supp. 2d 609, 619-620 (E.D. Pa. 2011) (summary judgment for employer where plaintiff failed to establish *prima face* case of age discrimination by identifying substantially younger replacement, despite evidence that plaintiff was the oldest employee in the workforce when terminated and his duties were absorbed by younger employees); see also Winter v. Cycam, 166 F. App'x 593, 595 (3d Cir. 2006) (affirming grant of summary judgment for employer where plaintiff failed to provide evidence that she was replaced by a substantially younger employee).

The age of SEPTA's bus operators further belies any inference of age discrimination; on April 2, 2010 (the date of Plaintiff's discharge), 69% percent of the bus operators in the Victory Division in which Plaintiff worked were age 40 or over, nearly one-third were age 50 or over, and 56 were either older than Plaintiff or younger than Plaintiff by five years or less.  See Undisputed Facts ¶ 59.  Jacoby, 820 F. Supp. 2d at 619-620 (E.D. Pa. 2011); see Higgins v. Hosp. Cent. Serv., Inc., No. 04–74, 2004 WL 2850079, at *7 (E.D. Pa. Dec. 9, 2004) (collecting cases from district courts in this Circuit to conclude that an age gap of less than five years is insufficient to create an inference of age discrimination).

Plaintiff cannot establish a *prima facie* case of age discrimination against SEPTA.  There are no disputed issues of material fact, and SEPTA is entitled to summary judgment in its favor and against Plaintiff on Counts I and II of Plaintiff's Complaint.

2.    **Plaintiff Cannot Establish That Age Discrimination Was The "But For" Cause Of His Discharge**

Moreover, Plaintiff has failed to produce any evidence to suggest that age was even a motivating factor in Schirg's discharge decision, let alone the "but for" cause for his termination, and Plaintiff therefore fails to meet the evidentiary threshold necessary to withstand summary judgment.  To prevail on an ADEA termination claim, plaintiff must show that his age "actually motivated" and "had a determinative influence on" the employer's termination decision.  Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).  The plaintiff's evidence must allow a reasonable jury to find, by a preponderance of the evidence, that age discrimination was a 'but for' cause of the adverse employment action."  Abels v. DISH Network Service, LLC, No. 12-1291, 2012 WL 6183558, at *3 (3d Cir. Dec. 12, 2012).  "[T]he burden of persuasion, 'including the burden of proving but for causation or causation in fact, remains on the employee.'"  Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009).

Here, the record evidence unequivocally establishes that Plaintiff's age was not the "but for" cause for his termination.  Plaintiff has offered only bare allegations suggesting that age was the real cause for his termination.  However, Plaintiff's bare allegations are insufficient to establish a genuine issue of material fact as to SEPTA's alleged discriminatory animus.  See James v. Allentown Business School, No. 01-857, 2003 WL 21652189, at *12 (E.D. Pa. June 2, 2003) (plaintiff's unsupported allegations insufficient to establish a genuine issue of material fact as to alleged discriminatory animus); see also Ferrell v. Harvard Industries, Inc., No. 00-2707, 2001 WL 1301461, at *16 (E.D. Pa. Oct. 23, 2001) (plaintiff must substantiate belief that alleged adverse employment decision resulted from discriminatory animus in order to survive summary judgment).

Indeed, the crux of Plaintiff's complaint alleges that he was offered retirement in lieu of termination for cause. That said, even Plaintiff admits that Schirg – the sole decision maker with regard to Plaintiff's discharge – never discussed retirement with Plaintiff or suggested that Plaintiff retire. See Statement of Undisputed Facts ¶¶ 40, 68. Moreover, despite understanding that he should make a report to SEPTA's Equal Employment Opportunity Office if he believed he had been discriminated against at SEPTA because of his age, Plaintiff never told any SEPTA managers or supervisors, or SEPTA's Equal Employment Opportunity Office, that he believed Schirg fired him because of his age. Id. ¶¶ 50-51. Nor did Plaintiff indicate in his SEPTA exit interview form that he believed he was being terminated due to his age. Id. ¶ 52. In fact, although Plaintiff posted information on his Facebook profile regarding his termination, he never stated that he was forced to retire because of his age. Id. ¶ 53. And, Plaintiff testified at his deposition in this matter that he does not believe that any other operators his age or older made any complaints about Schirg. See id. ¶ 49.

By contrast, SEPTA has presented this Court with ample evidence that Plaintiff's supervisor, James Schirg (age 50 at the time), discharged Plaintiff for three separate, independent violations of SEPTA Rules: (1) moving the bus before contacting the Control Center and failure to immediately report the incident to the Control Center in violation of ASR 12; (2) misrepresenting the facts of the accident in violation of ASRs 12 and 13; and (3) reckless driving in violation of BDR 203. See Undisputed Facts ¶¶ 15-39. Schirg determined that three separate authority rules formed the basis for Plaintiff's discharge: (1) ASR 12(C)(9); (2) ASR 13; and (3) BDR 203. See id. ¶¶ 22, 29, 36, and 39. As a condition of Plaintiff's employment, he was required to be familiar with these rules and comply with their requirements. Ignorance was no excuse for noncompliance. See id. ¶ 23.

There is simply no evidence of age discrimination.  Schirg – who was 50 years old at the time of his decision to discharge Plaintiff – discharged any employee he supervised who violated ASR-12 C(9), ASR-13, or BDR-23.  See id. ¶¶ 41, 43-45.  Indeed, Schirg discharged nine other employees for violating the same rules as Plaintiff from 2008 through and including 2010.  See id. ¶ 42.  Of those employees, eight were younger than Plaintiff and six were age 43 or younger. Id.  The record evidence unequivocally establishes that Plaintiff's age was not the "but for" cause of his discharge.  To the contrary, Schirg discharged Plaintiff due to his violations of three separate authority rules – just like every other employee who violated the rules at issue. Plaintiff's failure to meet his affirmative burden to establish that his age was the "but for" cause of his termination warrants the entry of summary judgment in SEPTA's favor, as there are no disputed issues of material fact standing in the way of that proper judgment.

> **3.    Plaintiff Cannot Establish That His Discharge Arising from Three, Separate Violations of SEPTA Rules Was Mere Pretext for Age Discrimination**

Plaintiff's claims against SEPTA also fail because Plaintiff cannot meet his affirmative burden to demonstrate that SEPTA's legitimate, non-discriminatory reasons for his discharge were mere pretext for age discrimination.  Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009); Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997); Fuentes v. Perksie, 32 F.3d 759, 764 (3d Cir. 1994).  This is yet another basis for the entry of summary judgment here.

With regard to SEPTA's first legitimate, non-discriminatory reason for Plaintiff's discharge – moving the bus before contacting the Control Center and failure to immediately report the incident to the Control Center in violation of ASR 12 – Plaintiff in his own testimony admitted that he continued on his way before contacting the Control Center and reporting the incident.  See Undisputed Facts ¶¶ 11, 12, 24-29.  Plaintiff also testified that he did not attempt

to contact the Control Center until he reached a red light, which according to the video recording meant that he drove continuously for at least five more minutes before even attempting to report the incident.  Id. ¶ 11, 12, 17 (time marker 11:44 through 11:50).  In other words, Plaintiff admits his violation of ASR 12, which requires immediate reporting of "any accident, blockage, or mishap," provides that any further movement following an accident can occur only as instructed by the Control Center, and prohibits movement without first contacting the Control Center.  Id. ¶ 24.  Plaintiff knew of these reporting protocols and of their importance; as he testified, Plaintiff knew through years of experience that passengers can claim injuries at a later date.  Id.  ¶¶ 23, 27-28.  Accident reporting was of such significance that Schirg had discharged every other employee under his supervision who had, like Plaintiff, violated ASR 12(c)(9).  Id. ¶ 43.  The testimony of the Union's Local Chairman also confirms that fact.  Id. ¶ 46.

With regard to SEPTA's second and third legitimate, non-discriminatory reasons – misrepresenting the facts of an accident and reckless driving – Plaintiff similarly cannot establish that Schirg's discharge decision was mere pretext for age discrimination.  When Plaintiff reported the incident, he described it as "very insignificant" and reported that the student exited the bus, waited for a period of time, and then walked into his bus.  See Undisputed Facts ¶¶ 31-33.  However, when Schirg reviewed the video recording of the incident, it appeared to him that the student exited the bus and immediately started toward the crosswalk, and that Plaintiff's bus moved forward into the student as the student entered the crosswalk.  Id. ¶ 34-35.  Schirg determined that Plaintiff did not look forward when Plaintiff pulled out of the bus stop, thus causing his bus to contact the student.  Id. ¶ 38.  Plaintiff admits that Schirg explained these findings to Plaintiff when Schirg interviewed him regarding the incident and the two viewed the video recording together.  Id. ¶ 18.  Likewise, the student's customer service complaint confirms

the bases for the discharge decision, as he reported that he "got off the bus . . . and started to walk across the street in front of the bus which was at a complete stop . . . the bus bumped him as he was crossing the street . . . and he said to the operator well shouldn't you make sure it is clear before you pull away and the operator then replied no I have the right of way so next time don't walk in front of my bus." Id. ¶ 57. The video recording itself also supports Schirg's interpretation. Id. ¶ 17 (starting at time marker 11:44). Diaz v. Aberts, No. 10-5939, 2013 WL 420349, *5 (E.D. Pa. Feb. 4, 2013) (O'Neill, J.) (videotape evidence appropriate for consideration on summary judgment).

For purposes of Plaintiff's age discrimination claim, however, it is irrelevant if Schirg was mistaken in his interpretation of the video recording or in his decision to discharge Plaintiff.[3] Abels v. DISH Network Service, LLC, No. 12-1291, 2012 WL 6183558, at *5 (3d Cir. Dec. 12, 2012) (employer's mistaken belief that employee left work without excuse does not provide evidence that the true motivation behind employer's decision was age-based discrimination; fact that supervisor met with employee prior to termination to discuss performance issue indicates that the issue was not a *post hoc* fabrication . .. that is, . . . a pretext"); Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 332 (3d Cir. 1995) ("We do not sit as a super-personnel department that reexamines an entity's business decisions . . . no matter how mistaken the firm's managers, the ADEA does not interfere.") Plaintiff "cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether the discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." Fuentes v. Perksie, 32 F.3d 759, 764-5 (3d Cir. 1994). "The question is not whether

---

[3]   The arbitration panel disagreed with Schirg's decision to terminate Plaintiff; however, that does not change the fact that Schirg's discharge decision was in no way motived by age discrimination.

the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination]." <u>Keller</u>, 130 F.3d at 1109.

Plaintiff's inability to establish that Schirg's interpretation of the video recording was actually pretext for age discrimination warrants summary judgment for SEPTA.  <u>Abels,</u> No. 12-1291, 2012 WL 6183558, at *6.  Further, Plaintiff's unsupported "belief" that Schirg desired to terminate him in order to save SEPTA money with regard to a pension obligation to Plaintiff is not only contradicted by the record evidence, but also cannot, as a matter of law, support a finding that Schirg's discharge decision was mere pretext.[4]  <u>See</u> Undisputed Facts ¶¶ 22, 47-48, 54-56.  <u>Solomon v. Society of Automotive Engineers</u>, 41 F. App'x 585, 586 (3d Cir. 2002) ("a plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid a motion for summary judgment") (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>Durante v. Tredyffrin Township</u>, No. 10-1473, 2011 WL 1162285, *3-4 (E.D. Pa. Mar. 28, 2011) (Sanchez, J.) (rejecting employee's argument that his termination resulted from a desire to eliminate employees with less seniority and to avoid pension obligations because "Under Supreme Court precedent, such a claim fails as a matter of law because an employer is free to fire an employee based on seniority or a desire to avoid pension obligations . . . . The ADEA protects only against discrimination based on age.") (citations omitted).

Nor does the fact that Plaintiff was afforded the benefit of retiring following Schirg's discharge for cause constitute any evidence of pretext.  <u>See</u> Undisputed Facts ¶ 63-64, 69.  Even Plaintiff admits that Schirg – the sole decision maker with regard to Plaintiff's discharge – never

---

[4]   There is no record evidence to substantiate Plaintiff's unsupported "belief."  To the contrary, three separate authority rules formed the basis for Plaintiff's discharge.  <u>See</u> Undisputed Facts ¶ 22.  Schirg never discussed retirement with Plaintiff or suggested to Plaintiff that he retire and, in fact, did not even know how old Plaintiff was at the time of his termination.  <u>Id.</u> ¶¶ 47-48.  In fact, Schirg did not even know that Plaintiff retired until Schirg received the paperwork from Human Resources, and was never told why Plaintiff ultimately elected to retire.  <u>Id.</u> ¶ 54-55.

discussed retirement with Plaintiff or suggested that Plaintiff retire.  Id. ¶¶ 40, 68.  Moreover, offering retirement in lieu of discharge cannot raise an inference of age discrimination.  Ziegler v. Beverly Enterprises-Minnesota, Inc., 133 F.3d 671, 676 (8th Cir. 1998) (suggestions to plaintiff to consider retiring show no more than desire for plaintiff to leave the defendant's employment;  "Retirement would have been an easier and less contentious option, at least from the employer's viewpoint, than termination. We do not think that suggesting retirement to an employee who is eligible for retirement, and who is not performing satisfactorily, provides a reasonable basis for inferring age discrimination."); Kaniff v. Allstate Ins., 121 F.3d 258, 263 (7th Cir. 1997) (employer's suggestion that plaintiff retire in midst of considering whether to terminate employee due to performance deficiency was not evidence of age discrimination . . . employee was required to show that the identified deficiency in work performance was pretextual); Barnes v. Oddicental Petroleum Corp., 761 F. Supp. 2d 1285, 1293 (N.D. Okla. 2010) (allowing employee to retire before termination does not constitute evidence of pretext; it simply shows that employer allowed plaintiff "some degree of control as to how plaintiff's leaving [employer] would be documented and/or presented to fellow employees."); Westmoreland v. AB Beverage Co., Inc., No. 1:05-3475, 2007 WL 2749450, at *2-3, 9 -10 (D.S.C. 2007) (no discriminatory motivation can be discerned from evidence that employee was told it was "time to retire or be fired" in face of intent to fire due to performance deficiencies).

As set forth above, Plaintiff's age discrimination claims (Counts I and II) fail at the outset because Plaintiff cannot establish a *prima facie* case of age discrimination by identifying a sufficiently younger replacement.  Further, Plaintiff has failed to offer any evidence that age was a motivating factor for, much less the "but for" cause of his termination.  And, Plaintiff's own testimony makes clear that any claim of pretext is doomed to failure, due to his own admissions

that he moved his bus without contacting the Control Center and that he failed to immediately

report the incident to the Control Center.  Finally, Plaintiff's disagreement with Schirg's view of

the video recording of the incident cannot establish that age was even a motivating factor in his

discharge, let alone a "but for" cause of his discharge as required to withstand a motion for

summary judgment.  Therefore, SEPTA is entitled to summary judgment on Counts I and II of

Plaintiff's Complaint.

### B.      SEPTA Is Entitled To Summary Judgment In Its Favor On Plaintiff's Fair Representation Claims Against the Union (Count III)

Count III ("Breach of Duty of Fair Representation") of Plaintiff's Complaint alleges that

the defendant Union breached its duty of fair representation to Plaintiff as a Union member in

connection with the arbitration of Plaintiff's grievance.  (Compl. ¶¶ 69-70.)   The duty of fair

representation is a judicially created doctrine that requires unions to provide fair representation

for their members because unions are their authorized exclusive bargaining agents.  Ibbetson v.

Teamsters Local 384, No. 06-3661, 2007 WL 308581, at *2 (E.D. Pa. Oct. 22, 2007) (Brody, J.).

SEPTA, which is not a union, had no such duty of fair representation to Plaintiff.  Id.  Plaintiff

included SEPTA within Count III because he viewed SEPTA as an indispensable party to the

claim against the Union since the relief that Plaintiff requested (remand to arbitration) would

necessarily impact SEPTA as a party to that arbitration.  (Compl. ¶ 76.)  Plaintiff's request for

relief in Count III does not request any separate relief from SEPTA.  (Id. 73-77.)  Therefore,

once summary judgment is entered in favor of SEPTA on Counts I and II, or to the extent

summary judgment is granted in favor of the Union on Count III, no separate claims remain

against SEPTA and therefore judgment should be entered against Plaintiff on Count III with

regard to SEPTA.

Further, the crux of Plaintiff's fair representation claim against the Union is that, at the arbitration of Plaintiff's grievance, the Union failed to offer evidence of Plaintiff's alleged fear of losing certain retirement benefits when Plaintiff elected to retire from SEPTA, which Plaintiff believes would have allowed Plaintiff to void his retirement election based on the defense of duress to the enforcement of contracts.  See Undisputed Facts ¶ 72.  Any alleged failure by the Union to put on evidence at the arbitration regarding Plaintiff's purported economic fear does not constitute unfair representation, particularly where such evidence would not have been dispositive of the arbitral process.  Ibbetson, No. 06-3661, 2007 WL 308581, at *2-3 (failure to establish that union's decision-making would have changed the outcome of arbitration fatal to fair representation claim) (citations omitted).  Even if Plaintiff could have proven duress – which he could not do[5] – Plaintiff's acceptance of pension payments and other retirement benefits *every month* since June 2010 constituted a ratification of his retirement election that could not be undone.  See  Undisputed Facts ¶ 71.  See Peoples Mortg. Co., Inc. v. Federal Nat. Mortg. Ass'n, 856 F. Supp. 910, 922 (E.D. Pa. 1994) ("An agreement executed under economic duress is not void *ab initio*.  Instead, under Pennsylvania law, a contract executed under economic duress is voidable . . . Such a contract can be ratified if the party who executed it under duress accepts the benefits flowing from it") (citing Wahsner v. American Motors Sales Corp., 597 F. Supp. 991, 998 (E.D. Pa. 1984)); Terlescki v. E.I. Dupont de Nemours & Co., No. 90-6854, 1992 WL 211531, at *1 (E.D. Pa. Aug. 24, 1992) (former employee ratified company's commission plan by accepting commissions under the plan); Reed v. SmithKline Beckman Corp., 569 F. Supp.

---

[5]   National Auto Brokers Corp. v. Aleeda Development Corp., 364 A.2d 470, 474 (Pa. Super. Ct. 1976) (economic duress "is not established merely by proof that consent was secured by the pressure of financial circumstances" . . . plaintiff must prove that the injured party does not have an immediate legal remedy); Hopkins v. New Day Financial, 643 F. Supp. 2d 704, 715 (E.D. Pa. 2009) (plaintiff does not experience economic duress when the situation that caused him to fear the economic loss was the need to support his own family, because this fear is of the Plaintiff's own making, and is not caused by the defendant).

672, 676 (E.D. Pa. 1983) (former employee's acceptance of benefits under termination

agreement constituted ratification of the agreement); accord National Auto Brokers Corp. v.

Aleeda Development Corp., 364 A.2d 470, 473-476 (Pa. Super. Ct. 1976).

## V.    CONCLUSION

Plaintiff's age discrimination claims fail for three separate reasons: Plaintiff is unable to

establish even a *prima face* case of discrimination, and he has failed to identify any evidence that

age was even a motivating factor in the discharge decision, let alone the "but for" cause as

required to avoid summary judgment.  Further, Plaintiff's claim against the Union fails as a

matter of law, and therefore SEPTA should be awarded summary judgment on that count as well.

For any or all of the foregoing reasons, Defendant, Southeastern Pennsylvania Transportation

Authority, respectfully requests that this Court grant its Motion for Summary Judgment pursuant

to Rule 56, and enter an Order in the form attached hereto, entering judgment in favor of SEPTA

and against Plaintiff on all claims.

<div style="margin-left:40%">

Respectfully submitted,

</div>

Dated:  March 28, 2013

/s/ Danielle Banks
Danielle Banks
A. Nicole Stover
STRADLEY RONON STEVENS & YOUNG LLP
2600 One Commerce Square
(215) 564-8000

Counsel for Defendant, Southeastern Pennsylvania
Transportation Authority

## CERTIFICATE OF SERVICE

I, Danielle Banks, hereby certify that on this 28th day of March, 2013, I caused a true and correct copy of Defendant SEPTA's Motion for Summary Judgment, Memorandum of Law and Statement of Undisputed Facts in support thereof, to be filed via the Court's ECF system which constitutes service upon the following counsel, as well as delivered by Federal Express those exhibits filed under seal upon the following counsel:

John J. Stanzione, Esq.
Lamb McErlane, P.C.
24 East Market Street
West Chester, PA 19381

*Attorneys for Plaintiff*

Kevin Brodar
General Counsel
SMART – UTU Transportation Division
24950 Country Club Blvd.
North Olmsted, OH  44070

Lawrence A. Katz
Mitchell A. Kaye
Coffey, Kaye, Myers & Olley
Two Bala Plaza
Suite 718
Bala Cynwyd, PA 19004

*Attorneys for Defendants UTU Transportation Union and Local 1594*

Dated: March 28, 2013                                    /s/ Danielle Banks
                                                         Danielle Banks